**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chad Allan WADE, Defendant–Appellant.**

No. 00–6210.

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2002.

Before MARTIN and BATCHELDER, Circuit Judges; SARGUS,* District Judge.

BATCHELDER, Circuit Judge.

Defendant–Appellant Chad Allan Wade ("Wade") appeals the denial of his motion to suppress firearms, including three unregistered sawed-off shotguns, seized from Wade's home by police during the execution of a search warrant. Wade also appeals the denial of a motion to dismiss counts of the indictment that arose from Wade's possession of the shotguns. We AFFIRM the district court because we hold, as we did in *United States v. Truitt*, 521 F.2d 1174, 1177 (6th Cir.1975), that so far as sawed-off shotguns are concerned, probable cause to believe that they are contraband is immediately apparent and that such "intrinsically incriminating" items may be seized without further investigation into whether such weapons are registered as required by federal or state law. *United States v. Szymkowiak*, 727 F.2d 95, 98 (6th Cir.1984).

---

* The Honorable Edmund Sargus, Jr., United States District Court for the Southern District of Ohio, sitting by designation.

## FACTS & PROCEDURAL BACKGROUND

In January of 1999, the police in Radcliffe, Kentucky learned from two informants that Wade was making and circulating counterfeit United States currency. Based upon this information and their own independent investigation, the police sought and obtained a search warrant for Wade's house in Radcliffe. The search warrant authorized police to search for computers, computer disks, scanners, printers, paper, ink, and any other instrument that might be used to counterfeit United States currency. The warrant said nothing about firearms.

Local and federal law enforcement officers executed the search warrant on January 16, 1999. While looking in the appropriate places for such things as counterfeit currency and computer disks that might be used to generate counterfeit currency, police came across a cache of weapons in a closet. Among the thirty-three weapons found were three sawed-off shotguns and a rifle fitted with a silencer. Officers later testified at a suppression hearing that they suspected these weapons were contraband because it was obvious that the barrel length of each of the shotguns was less than 18 inches and it is illegal to possess such weapons, as well as silencers for firearms, unless they are registered with the Bureau of Alcohol Tobacco and Firearms (the "ATF").

Based upon what they believed was probable cause, the officers seized the three sawed-off shotguns and the silencer.[1] Further investigation revealed that those

weapons were not registered with the ATF, and Wade was indicted on, among other things, four counts of violating the National Firearms Act—one count for each of the three sawed-off shotguns and one count for the silencer.

Wade moved to suppress all of the weapons seized, including the shotguns and the silencer, and to dismiss the counts relating to the shotguns and silencer. In his motion to suppress. Wade argued that, as a matter of law, the Government lacked probable cause to seize all thirty-three weapons. Characterizing the seizure as "indiscriminate," Wade contended that this was not a case simply involving the seizure of a silencer or three sawed-off shotguns. Rather, Wade contended, the officers' seizure of all of the weapons demonstrated that there was nothing obviously incriminating about any of the weapons, and the officers therefore lacked probable cause to believe that any of the weapons were contraband. In a separate motion to dismiss the weapons-related counts against him, Wade argued that he could not be charged with possessing unregistered weapons because federal law did not permit him to register the weapons.

The magistrate held an evidentiary hearing at which the officers involved in the search testified. Wade then filed another motion to suppress and supplemental briefs responding to that testimony. Citing *Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), Wade argued that the plain view exception to the warrant requirement did not apply because the weapons would be illegally possessed only if they were not

---

1. Police also seized the other twenty-nine weapons because, they say, at the time of the search they knew from a records check that Wade had a felony arrest and they could not immediately verify whether Wade had been convicted of the felony offense. Those weapons were returned to Wade within days of their seizure, no charges were ever filed against Wade involving those weapons, and they were not used as evidence against him in any proceeding. Although Wade's brief on appeal purports to challenge the constitutionality of the seizure of these twenty-nine weapons, we conclude that the issue is moot.

registered and it was not immediately apparent to police that the shotguns and silencer were not registered. Therefore, Wade claimed, because the officers could not determine without further investigation the registration status of those weapons, the officers lacked probable cause to believe that the weapons were contraband. The district court rejected Wade's arguments and denied his motions to suppress and to dismiss.

The Government then agreed to dismiss the count of the indictment concerning the silencer and Wade pled guilty to all of the remaining counts in the indictment. Wade's plea agreement with the Government preserved his right to appeal the rulings on the motions to suppress and to dismiss. Wade now appeals only the denial of his motions to suppress.

On appeal, Wade does not challenge the validity of the search warrant nor does he claim that the officers' discovery of the shotguns violated the federal constitution. Wade argues that the warrant did not include firearms, that the seizure of the thirty-three firearms constituted a second and separate search, and that the police lacked probable cause to seize any of the firearms, including the three sawed-off shotguns.[2] Specifically addressing the seizure of the sawed-off shotguns, he claims on appeal, as he did before the district court, that because the shotguns were illegally possessed only if they were not registered, and whether they were registered could be determined only upon further investigation, the officers had no probable cause to suspect that the guns were contraband beyond the mere fact that their barrels were less than eighteen inches long. The Government counters that "[t]he inability to verify with certainty the absence of registration does not negate probable cause[.]" For the reasons explained below, we agree with the Government.

## DISCUSSION

 Wade does not contest the fact that his sawed-off shotguns were in plain view. The question before us is whether the warrantless seizure of Wade's shotguns violated the Fourth Amendment. Warrantless seizures, even if made under the plain-view exception to the warrant requirement, must be based upon the existence of probable cause to believe that the item to be seized is evidence of an illegal act. *See Coolidge v. New Hampshire,* 403 U.S. 443, 466, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Probable cause exists if the incriminating nature of the evidence to be seized under the plain-view exception is immediately apparent. *See Truitt,* 521 F.2d at 1176. Hence, in the case at hand, in order for the seizure of the shotguns to have been constitutionally permissible, it

---

**2.** As we understand Wade's brief on appeal, he argues that the sawed-off shotguns should have been suppressed because the warrant did not mention weapons; that the officers' seizure of all of the weapons constituted an impermissible second search, unsupported by either a warrant or probable cause; and that the officers lacked probable cause to believe that he was a convicted felon and their seizure of all of the firearms based on that belief was illegal. He claims that the district court erred in holding that because the officers were legitimately searching the area in which the weapons were found, the weapons were in plain view and there was no separate search. He further claims that the district court erred in holding, in response to Wade's supplemental motion to suppress, that in any event, the officers had probable cause to believe that Wade was a convicted felon and therefore the seizure of all of the firearms was proper. Because we conclude-as we shall explain-that the sawed-off shotguns were in plain view, that their incriminating nature was immediately apparent, and that their seizure did not offend the Fourth Amendment, we do not find it necessary separately to address these arguments.

must have been immediately apparent to the officers that those shotguns were probably contraband.

■■ Federal law flatly prohibits private ownership of any shotgun whose barrels are less than eighteen inches long, unless that shotgun is registered with the ATF. 26 U.S.C. §§ 5841, 5845(a), 5861(d).[3] The law of this circuit has long been that, although a properly registered sawed-off shotgun is not contraband, because there are so few legitimate uses for a sawed-off shotgun, there is very little probability that the possessor of such a weapon will have registered it. *See Truitt*, 521 F.2d at 1177. In *Truitt*, we quoted with approval the Ninth Circuit's observation: "But a sawed-off shotgun in private hands is not an intrinsically innocent object. The possession of it is a serious crime, except under extraordinary circumstances.... [T]he discovery of the sawed-off shotgun would have warranted officers of reasonable caution in the belief that an offense was being committed." *Id.* (quoting *Porter v. United States*, 335 F.2d 602, 607 (9th Cir.1964)).[4] Clearly, for purposes of the plain view doctrine, the immediately apparent intrinsically incriminating characteristic of a sawed-off shotgun is the length of the barrel. That characteristic alone provides probable cause for a police officer to believe that the weapon is illegally possessed.

Wade's attempt to rely on *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) is simply misplaced. In *Dickerson*, an officer performing a lawful search pursuant to a lawful *Terry* stop found a lump in the defendant's jacket pocket. The issue addressed by the Court was whether the officer violated the defendant's Fourth Amendment rights by "squeezing, sliding and otherwise manipulating the contents of the defendant's pocket-a pocket which the officer already knew contained no weapon," when the officer admittedly had not immediately recognized the lump as probably being cocaine. *Id.* at 378, 113 S.Ct. 2130 (internal quotation marks omitted). Analogizing to the plain view doctrine, the Court held that because the incriminating nature of the lump in the defendant's pocket was not immediately apparent to the officer when he felt it through the jacket, but was determined to be contraband only after the officer conducted a further search, the further search exceeded the bounds of the strictly circumscribed search permitted by *Terry*. *Id.* at 379, 113 S.Ct. 2130. *Dickerson* is inapposite here.

In *United States v. Byrd*, 2000 WL 491511, at *4 (6th Cir. Apr. 18, 2000), we rejected the claim that the warrantless seizure of sexually explicit pictures of adolescent-looking males did not meet *Coolidge*'s standard. We compared what in *Byrd* appeared to reasonable police officers to be child pornography to what in *Truitt* appeared to reasonable police officers to be sawed-off shotguns; neither, we said, is an "intrinsically innocent object[ ]," and both may be seized under the plain-view exception to the warrant requirement. *Id.* at *4.

The record before us here includes color a photograph of the shotguns in question. The photograph clearly shows (because an

---

3. Likewise, federal law flatly prohibits private ownership of any silencer. 26 U.S.C. §§ 5841, 5845(a), 5861(d).

4. We have recently reiterated that view, noting that federal law requires sawed-off shotguns to be registered because "Congress ...

believed that these weapons, *by their very nature, were extremely dangerous and served virtually no purpose other than furtherance of illegal activity.*" *United States v. Dunlap*, 209 F.3d 472, 478 n. 12 (6th Cir.2000) (emphasis in original and citations omitted.)

eighteen-inch ruler is placed atop the weapons) that the barrels of all three were significantly shorter than eighteen inches. We hold that the short barrel-length of these weapons was both incriminating and immediately apparent to the police and that the police therefore had probable cause to believe that the weapons were contraband.

Accordingly, we AFFIRM the district court's denial of Wade's motions to suppress.